STATE WATER CONTRACTORS; Metropolitan Water District of Southern California; California Department of Water Resources, Petitioners,

Coral Power, L.L.C.; Department of Water Resources; MSR Public Power Agency; Public Utilities Commission of the State Of California; The City of Santa Clara, California; The City of Redding, California; The Modesto Irrigation District, Intervenors,

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

City of Vernon; Southern California Edison Company; Pacific Gas and Electric Company; California Independent System Operator Corporation; City of Anaheim; City of Azusa; City of Banning; City of Colton; City of Riverside; California Electricity Oversight Board; Northern California Power Agency, Respondents–Intervenors.

No. 06–74506.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed July 8, 2008.

Dennis M.P. Ehling, Kirkpatrick & Lockhart Preston Gates Ellis, LLP, Los Angeles, CA, Roger D. Stark, Kirkpatrick & Lockhart Preston Gates Ellis, LLP, Bradley R. Miliauskas, Michael E. Ward, Alston & Bird, LLP, Bonnie S. Blair, Margaret E. McNaul, Thompson Coburn, LLP, James D. Pembroke, Duncan Weinberg Genzer & Pembroke, PC, Robert C. McDiarmid, Spiegel & McDiarmid, LLP, Washington, DC, Anna J. Valdberg, Southern California Edison Company, Legal Division, Rosemead, CA, Mark D. Patrizio, Pacific Gas and Electric Company Law Department B30A, San Francisco, CA, Sean M. Neal, Duncan Weinberg Genzer & Pembroke, PC, Sacramento, CA, for Respondents–Intervenors.

Before: KOZINSKI, Chief Judge, ALDISERT * and BEA, Circuit Judges.

Eli D. Eilbott, Michael Postar, Duncan Weinberg Genzer & Pembroke, PC, Elisa G. Grammer, Peter C. Kissel, Law Offices of GKRSE, Washington, DC, Diana Mahmud, General Counsel's Office, Los Angeles, CA, Deborah L. Barnes, Esq., Assistant Federal Public Defender, Office of the California Attorney General, Sacramento, CA, for Petitioners.

Jeffrey D. Watkiss, Bracewell & Giuliani, LLP, Lisa S. Gast, Duncan Weinberg Genzer & Pembroke, PC, Washington, DC, for Intervenors.

Beth G. Pacella, Robert H. Solomon, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

## MEMORANDUM**

1. When a rate or an aspect of a rate that has been previously approved by FERC is later challenged, the complainant has the burden of showing that it is unlawful. *See* 16 U.S.C. § 824e(b), FPA § 206. The "flat" transmission rate challenged by petitioners was not a feature newly introduced by Amendment 27 to the ISO Tariff. Rather, the concept of the flat rate had already been approved by FERC. *Pac. Gas & Elec. Co.*, 81 FERC ¶ 61,122 at 61,504 (1997); *Cal. Indep. Sys. Operator Corp.*, 106 FERC ¶ 63,026 at 65,268–69 (2004), *rev'd in part on other grounds, Cal. Indep. Sys. Operator Corp.*, 109 FERC

---

* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

¶ 61,301 at 62,468 (2004). Therefore, FERC properly allocated to petitioners the burden of proving that the flat rate is unlawful.

2. FERC's approval of the flat transmission rate as just, reasonable and not unduly discriminatory and its rejection of petitioners' contention that time-dependent rates are required is supported by substantial evidence. *See Port of Seattle v. FERC*, 499 F.3d 1016, 1026 (9th Cir.2007).

3. FERC's approval of the flat transmission rate and its rejection of petitioners' contention that time-dependent rates are required is not arbitrary and capricious. A time-dependent rate is not required under either federal caselaw or agency precedent. FERC's decision did not violate the agency's policy of requiring rates to convey price signals; FERC found that the ISO Tariff's flat-rateplus-congestion-fee model sends the proper price signals, *Cal. Indep. Sys. Operator Corp.*, 111 FERC ¶ 61,337 at 62,500 (2005), and this finding was supported by substantial evidence. *See Port of Seattle*, 499 F.3d at 1026. And although FERC had previously recognized that the congestion management system was flawed, *Cal. Indep. Sys. Operator Corp.*, 90 FERC ¶ 61,006 at 61,013 (2000), the agency was within its discretion to address such flaws in a separate proceeding. *See Mobil Oil Exploration & Producing Se., Inc. v. United Distrib. Cos.*, 498 U.S. 211, 230, 111 S.Ct. 615, 112 L.Ed.2d 636 (1991).

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P..34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.